ALFRED D. MARTINE, BY CLARK GRIGGS, HIS GUARDIAN, RESPONDENT, *v.* WILLIAM H. ALBRO, EUGENE T. PREUDHOMME AND FRANKLIN MARTINE, APPELLANTS.

26h 559
d 66 AD²609

*Inspection of the books and papers of a firm — when it will be allowed in an action against one of the partners.*

January 9, 1876, Stephen A. Martine, who was then a member of the firm of S. A. Martine & Co., composed of himself and Franklin Martine, died, leaving a will by which he appointed the defendants Albro and Preudhomme his executors, with power, in their discretion, to continue the business of the firm for a period of two years from his death. Both of the executors qualified and entered upon the discharge of their duties. The plaintiff having, by his guardian *ad litem,* commenced this action, filed a petition alleging that the executors conspired with the surviving partner, and sold to him the interest of plaintiff's father in the old firm for less than its value; that the surviving partner assumed the liability of the old firm and continued the business under its name; that thereafter he entered into partnership under the name of F. Martine & Co. with one Cumberson, who had been in the employ of the old firm for more than eighteen years, and was in its employ at the time of the death of the plaintiff's father, and that the business was thereafter carried on under a new name. The plaintiff on such petition sought to compel a production and inspection of the books and papers of the firm of S. A. Martine & Co., and of F. Martine & Co., on the ground that they were material and necessary to enable him properly to prepare his complaint

*Held,* that although as a general rule the discovery of the books of a copartnership will not be permitted in an action against one of the copartners, yet under the peculiar circumstances of this case such a discovery should be allowed.

APPEALS from an order of the Special Term requiring the defendant Franklin Martine to produce certain books and papers of the old firm of S. A. Martine & Co., and of the firm of F. Martine & Co., successors of the old firm, and allow the plaintiff to inspect the same.

*A. J. Vanderpoel,* for the appellants.

*John McDonald,* for the respondent.

BRADY, J.:

Two appeals appear to have been taken in this case, one by Franklin Martine and one by the defendants Albro and Preudhomme.

The order appealed from was made under section 803 of the Code relating to the discovery of books and papers and is founded on the petition of Clark R. Griggs, as guardian *ad litem* of Alfred D. Martine, an infant son of Stephen A. Martine, deceased, in which it is alleged that the production and inspection of the books and papers is material and necessary to enable the plaintiff to properly prepare his complaint.

It appears that on the 9th of January, 1876, Stephen A. Martine, who was then a member of the firm of S. A. Martine & Co., composed of himself and Franklin Martine, died leaving a will by which he appointed the defendants Albro and Preudhomme executors, with power in their discretion to continue the business of the firm of which he was a member, for a period of two years from his death. The executors qualified and entered upon the discharge of their duty.

The petitioner charges that the surviving partner conspired with the executors to effect, and did effect, a sale to him of his father's interest in the firm property for a sum far less than its value. It alleged, also, that after the purchase, and by which Franklin Martine assumed the liabilities of the firm of S. A. Martine & Co., he continued the business under the name of the old firm, and subsequently to his purchase, and on the 1st of August, 1876, entered into copartnership with one Perry T. Cumberson, when it would seem that the business was conducted under the name of F. Martine & Co. instead of that of the old firm.

It appears that heretofore orders were granted for the examination of the defendants before trial, and for the production of the books of the late firm of S. A. Martine & Co., for inspection by the plaintiff, whereupon a stipulation was entered into between the plaintiff and the defendants allowing such inspection by an expert, appointed by the plaintiff's attorney, under which stipulation the books called for by the plaintiff were examined, and other books of the firm for the years 1873, 1874, 1875 and 1876.

The inspection appears to have lasted from the 24th of May, 1881, to the 11th of June, 1881; but it is alleged, on behalf of the petitioner, that only a partial examination of the books was had under the stipulation, and that when the expert who was employed to make the examination desired to examine the books of F. Mar-

tine & Co., for the purpose of ascertaining at what prices the goods which were transferred from the firm of S. A. Martine & Co. to the firm of F. Martine & Co. were actually sold, and the times when they were sold, and whether the sales corresponded with the prices at which said goods were taken by the last named firm, he was met with a refusal on the part of F. Martine & Co. to allow such examination to be made, and thereupon proceeded to compel such discovery as was necessary to enable the plaintiff to prepare the complaint. The application was resisted, but it resulted in an order directing the production of the books of the old and the new firms, and that they be deposited with the clerk of the court, there to remain for a period of thirty days, for the purpose of the discovery which was sought.

There is, perhaps, no positive averment in the petition that the books of F. Martine & Co. were in the custody or under the control of Franklin Martine. It was doubtless inferentially supposed, and properly so, that being a partner in the firm, he had some control over the books.

It is true that Mr. Cumberson, the more recent partner, swears that the deposit of the books in the manner directed, would subject his firm to great annoyance and inconvenience ; but even if that were so, it would not be sufficient in itself to prevent a discovery in such mode as would enable the plaintiff, without inconvenience to the firm of F. Martine & Co., to obtain the necessary information, and, if it be necessary to accomplish that, the order can be modified.

The ground taken by the appellant chiefly is, that the mere fact of a suit pending against Franklin Martine does not authorize the court to compel a discovery of the books of F. Martine & Co. ; that it is not a matter of right to inspect books and papers, and that inspection is not given except in extraordinary cases, where the refusal may involve the loss of a claim or defense ; and it is asserted by the counsel for the defendants that no case can be found in which one member of a copartnership, in a suit against him immediately, has been required to produce the books and papers of the copartnership, and he insists that the whole motion is a fishing excursion. It must be said, as a general rule, that the discovery of the books of a copartnership will not be permitted in an action

against one of the copartners. (*Reid* v. *Langlois*, 1 MacN. & Gordon, 627–635 ; *Taylor* v. *Randall*, Craig & Phill., 104 ; *Lopez* v. *Deacon*, 6 Beav., 254–258 ; *Murray* v. *Walter*, Craig & Phill., 144.)

But this is a peculiar case because Franklin Martine was one of the partners of the original firm of which his father seems to have been the head, and the continuance of the business having been authorized by the executors of his father, they transferred to him the testator's interest in the firm and the assets and thus he became possessed of the books of the old firm and its *quasi* representative, and his transfer of an interest in them was to a person who, upon his own statement, had been in the employment of the firm for a period of eighteen years, and which continued up to the time of the death of the senior partner.

The partnership thus created between Cumberson and Martine was connected with the old firm from the character of the interest and assets, which formed the subject of the transfer to Cumberson. It was not the creation of an independent partnership resting upon different assets and different interests, but was in effect the continuation, to a certain extent at least, of the old firm of S. A. Martine & Co.

Franklin Martine having succeeded to the interests of S. A. Martine, deceased, through the purchase from the executors, continued to be the representative of the assets, and Cumberson having purchased an interest in them took it subject under all the circumstances to all equities existing in reference to those assets.

The plaintiff's case rests upon an allegation of the improper conduct of the executors, who conspired with Franklin Martine to the prejudice of the plaintiff, and no reason forcible and controlling is presented herein against an order allowing a discovery of the books, so far as they relate to the assets and subject-matter of the action. It should be permitted, *ex debito justitiæ*, in a case like this. If the formation of a copartnership between Franklin and Cumberson were an independent one, having no relation to a previously existing one, in an action against the former the rule suggested in reference to discoveries in an action against one of the several partners would very properly apply. But such is not the case here, and for the reason already suggested that Cumberson has become possessed of the assets, or some of them, connected with the old firm, and it

sufficiently appears was in possession jointly with Franklin of the books of the new firm. These relations impliedly existing between the plaintiff and Franklin and Cumberson, extending as they do over the assets and interests of the old firm, to some extent, at least, the plaintiff is entitled to pursue the books relating to them, and hence the discovery ordered should be sustained, unless it appears that it is unnecessary. We are not impressed with the view that the discovery is unnecessary. The circumstances of the case are peculiar, and the action extraordinary in character. It rests upon fraud involving a breach of trust and is predicated of an alleged conspiracy by the defendants, which if true makes them tort feasors, the defendants Albro and Preudhomme having violated the trust reposed in them as executors of the last will and testament of S. A. Martine by a fraudulent sale of the assets of the firm of which he was a member to the surviving partner Franklin Martine. Every facility should be offered for a thorough investigation, and it does not appear that one is unnecessary or unreasonable, the plaintiff being an infant. It should, however, be conducted in a manner which will be fair and proper with reference to the facts and circumstances and the necessities of the business of the firm of F. Martine & Co. It may be that Albro and Preudhomme cannot, in strictness, be said to have possession of the books and should not, therefore, be affected by the order providing for the discovery; but they are defendants in the action, and as the discovery relates to transactions with which they are connected as already stated, and in which they have an interest, and as they have been assailed as conspirators and are charged with such use of the estate intrusted to them, and the books representing it in part at least, as to involve liability, the order as to them cannot be regarded as improper. There can be no impropriety in its entry against all the defendants in the form adopted, which is that the defendants produce, especially the defendant Franklin Martine, and it is clear that the order is designed particularly to reach him. As it appears, however, that depositing the books in the clerk's office for a period of thirty days would interfere with the business of F. Martine & Co., the order should be modified by directing that the books be accessible in the office or store of F. Martine & Co. for a period of thirty days and between the hours of ten and four o'clock.

For these reasons we think the order appealed from should be modified, and as modified affirmed, without costs to either party.